UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS,<br><br>    Petitioner,<br><br>    v.<br><br>G. MATTEROSN, Warden,<br><br>    Respondent. | No.  2:22-cv-00824 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a two 2021 rules violations for stalking and refusing to work.  Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 4), his petitioner (ECF No. 1) for screening, and petitioner's request for an evidentiary hearing (ECF No. 6).  For the reasons set forth below the court will recommend that the petition be dismissed without leave to amend.  Petitioner's motion to proceed in forma pauperis will be granted and his request for evidentiary hearing will be denied as moot.

**I.  In Forma Pauperis**

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  (ECF No. 4.)  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

////

1

## II. Screening Requirement

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

## III. The Petition

Petitioner alleges that he was found guilty of a rules violation on January 27, 2021 for stalking a correctional officer. (ECF No. 1 at 5.) Petitioner claims that he asked questions for two officers during the "discovery" period but was told the questions were irrelevant. (Id.) Petitioner argues that this denied him due process but that that Lieutenant Lee found petitioner

2

guilty of a rule violation anyways. (Id.) Petitioner also asserts that he was found guilty of another rule violation for refusing to work despite others not being written up for doing the same thing. (Id. at 7.)

Petitioner claims that he received rule violations due to discriminated based on his race in violation of the Eighth and Fourteenth Amendment. (Id. at 8.) He also claims that Fifth and Sixth Amendment rights were violated at the hearings where he received these rule violations. (Id. at 5, 7.) Petitioner also states that that his First Amendment rights were violated though this does not appear to be clearly explained in the petition. (Id. at 15.) Petitioner seeks an order from the court directing petitioner to be released from prison. (Id.)

**IV.    Analysis**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

"[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Preiser, 411 U.S. at 489.

Petitioner's claim is materially similar to the challenge considered by the Ninth Circuit in Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). In Nettles, a prisoner serving

1  a life sentence with the possibility of parole was found guilty of a disciplinary violation and, as a
2  result, suffered a revocation of thirty days good conduct credits. 830 F.3d at 927. The court
3  found that success on the merits of petitioner's challenged disciplinary proceeding would not
4  necessarily impact the fact or duration of his confinement, and therefore his challenge did not fall
5  within "the core of habeas corpus." Id. at 931, 934. The court reasoned that "[s]uccess on the
6  merits of Nettles' claim would not necessarily lead to immediate or speedier release because the
7  expungement of the challenged disciplinary violation would not necessarily lead to a grant of
8  parole." Id. at 934-35.

9        From a brief review of public records, it appears petitioner is serving an indeterminate
10 sentence and will only be released from prison at such time as the California Board of Parole
11 Hearings determines that he is suitable.[1] Cal. Penal Code, § 3041(a)(4). Under California law,
12 the parole board is not required to find petitioner suitable or unsuitable for parole based on any
13 single factor. Nettles, 830 F.3d at 935; Cal. Code Regs. tit. 15, § 2281 (information and
14 circumstances considered in determining parole suitability). Rather, the parole board must
15 consider "'all relevant and reliable information'" in determining parole suitability. Id. (quoting
16 Cal. Code Regs. tit. 15, § 2281(b).)

17       Even if the challenged disciplinary hearings were expunged, it would not necessarily spell
18 an immediate or speedier release. Because disciplinary violations are not the only factor
19 considered when evaluating inmates for parole, the absence of the challenged disciplinary
20 violations would not necessarily spell earlier release. "If the invalidity of the disciplinary
21 proceedings, and therefore the restoration of good-time credits, would not necessarily affect the
22 length of time to be served, then the claim falls outside the core of habeas and may be brought in
23 § 1983." Nettles, 830 F.3d at 929 (fn. omitted) (citing Muhammad, 540 U.S. at 754-55).
24 Accordingly, petitioner's claim is not cognizable in a federal habeas corpus proceeding.
25 ////

26

---

27 [1] Public information about can be the parole status of inmates in the custody of the California
   Department of Corrections and Rehabilitation can be found at https://inmatelocator.cdcr.ca.gov.
28 Petitioner states in his petitioner that his prisoner number is C56483. (ECF No. 1 at 1.)

4

The claims raised in the petition may be cognizable if raised in a civil rights action. In an appropriate case, a district court can directly convert a habeas petition into a civil rights complaint. <u>Nettles</u>, 830 F.3d at 935-36. However, the court declines to consider conversion of this action because there are several significant differences in a proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. <u>See</u> 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, the court will recommend that this petition be dismissed. Petitioner may file a claim pursuant to 42 U.S.C. § 1983 based on the allegations contained in the petition.

**V.     Request for Evidentiary Hearing**

Petitioner has filed a request for an evidentiary hearing to "show that the facts underlying the claims would be sufficient to establish clear and convincing evidence" in support of petitioner's claims. (ECF No. 6 at 4.) However, as it will be recommended that this action be dismissed without leave to amend, this request will be denied as moot.

////
////
////
////
////
////
////

**VI.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma paupers (ECF No. 4) is granted;

2. Petitioner's request for evidentiary hearing (ECF No. 6) will be denied as moot; and

3. The Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the petition be dismissed without leave to amend because his claim is not cognizable.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 29, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/S/step0824.scrn_fr

6